UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT VINCENT,                          )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )   CAUSE NO.: 1:20-cv-2481
                                         )
MSD OF DECATUR TOWNSHIP                  )
SCHOOLS,                                 )
                                         )
          Defendant.                     )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.      Plaintiff, Robert Vincent ("Vincent" or "Plaintiff"), by counsel, brings this

action against Defendant, MSD of Decatur Township Schools ("Defendant"), alleging

violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*,

and Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et.*

*seq.*

**II. PARTIES**

2.      Vincent is a resident of Indiana, who at all times relevant to this action,

resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant routinely conducts business within the geographical

boundaries of the Southern District of Indiana.


**III. JURISIDCTION AND VENUE**

1

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 29 U.S.C. §2617(4).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), and 29 U.S.C. §2611(4).

6.      Vincent, at all relevant times, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7.      Vincent was an "employee" as that term is defined by 42 U.S.C. §12111(4).

8.      Vincent was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Vincent's disability and/or regarded Vincent as being disabled and/or Vincent has a record of being disabled.

9.      Vincent satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination and retaliation for having engaged in protected activity.

10.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.


## IV. FACTUAL ALLEGATIONS

11.     Vincent began working for Defendant in or about July 2015. Most recently, he was a teacher at Defendant's School for Excellence.

12.     At all relevant times, Vincent met or exceeded Defendant's legitimate performance expectations.

13.     Vincent had hip replacement surgery that kept him out of work from November 2016 to January 2017. In May 2018, he had surgery to repair a ruptured Achilles Tendon.

14.     In or about August 2018, he re-ruptured his Achilles and was out of work from August 2018 to March 11, 2019.

15.     In or about October 2019, Vincent learned that he would need two knee replacements and another hip replacement. Vincent shared this information with his colleagues, his principal, and other staff members in preparation for this major surgery and upcoming leave.

16.     In December 2019, Vincent inquired when he would eligible for FMLA leave again and was told that he would be eligible in April 2020. Vincent communicated that he planned to use FMLA leave to undergo surgery in April 2020.

17.     Due to Vincent's previous medical leave, Defendant refused to provide him with a 5.335% pay increase. Defendant determined that Vincent was ineligible for the pay increase due to his medical leave. Defendant stated that Vincent did not meet the 120 attendance days required to attain the necessary Experience Factor for the pay increase. Vincent engaged in a protected activity when he complained in December 2019 that the Defendant's policy was discriminatory.

3

18.     Shortly after his complaint, Vincent was notified that his employment would be terminated on or about January 7, 2020. Defendant's stated reason for the termination was a purported neglect of duty; specifically, that he failed to follow up with a student or the student's family each month and did not alert them to their student's excessive absenteeism. In reality, Vincent stopped following up with the family each month because he was under the impression the student had already withdrawn.

19.     Defendant's stated reason for terminated Vincent was pretext for discrimination based on his disability and future need for FMLA leave.

20.     Similarly situated employees who had a similar or worse record of performance issues were neither disciplined nor terminated from employment.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

21.     Vincent hereby incorporates by reference paragraphs one (1) through twenty (20) of his Complaint as if the same were set forth at length herein.

22.     Defendant discriminated against Vincent by subjecting him to disparate treatment on the basis of his disability.

23.     Defendant's actions were intentional, willful, and in reckless disregard of Vincent's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et. seq.*

24.     Vincent has suffered damages as a result of Defendant's actions.

### COUNT II: FMLA RETALIATION

25.     Vincent hereby incorporates by reference paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

26.     Defendant retaliated against Vincent for exercising his rights under the FMLA.

27.     Defendant's actions were intentional, willful, and in reckless disregard for Vincent's rights as protected by the FMLA.

28.     Vincent suffered damages as a result of Defendant's unlawful acts.

**COUNT III: FMLA INTERFERENCE**

29.     Vincent hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint as if the same were set forth at length herein.

30.     Defendant unlawfully interfered with the exercise of Vincent's rights under the FMLA.

31.     Defendant's actions were intentional, willful, and in reckless disregard of Vincent's rights as protected by the FMLA.

32.     Vincent suffered damages as a result of Defendant's unlawful actions.

**COUNT IV: RETALIATION**

33.     Vincent hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34.     Vincent engaged in a protected activity under the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et. seq.*

35.     Defendant terminated Vincent's employment because he engaged in a protected activity.

36.     Defendant's actions were intentional, willful, and in reckless disregard of Vincent's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. §12101 *et. seq*

37.     Vincent has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Vincent, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and/or disability;

2.     Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3.     Order that Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4.     Award Plaintiff compensatory damages for Defendant's violations of Title VII and the ADA;

5.     Award Plaintiff punitive damages for Defendant's violations of Title VII and the ADA;

6.      Award Plaintiff liquidated damages for Defendant's violations of the Family Medical Leave Act;

7.      Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

8.      Award Plaintiff pre- and post-judgement interest on all sums recoverable; and

9.      Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:        ad@bdlegal.com
*Attorneys for Plaintiff, Robert Vincent*

**DEMAND FOR JURY TRIAL**

Plaintiff, Robert Vincent, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765

7

Facsimile:    (812) 424-1005
Email:        ad@bdlegal.com
*Attorneys for Plaintiff, Robert Vincent*